UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANGEL CHEVRESTT | : | |
| *Plaintiff*, | : | Index No. 16-cv-05557 (LLS) |
| vs. | : | ECF Case |
| AMERICAN MEDIA, INC. | : | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| *Defendant*. | : | |

Defendant American Media, Inc. ("AMI") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Angel Chevrestt's ("Chevrestt" or "Plaintiff") Complaint for failure to state a cause of action.

### Introduction

This case arises from AMI's use of a single photograph in the pages of *Globe* magazine that Plaintiff claims to own. Although AMI contends it had permission to use the photograph, for purposes of this motion it will assume the truth of the facts asserted in Plaintiff's Complaint. Nevertheless, Plaintiff's Complaint should be dismissed because he has failed to plead that he has a valid copyright registration for the photograph at issue and because he has failed to plead facts sufficient to show that AMI's actions were done intentionally and knowingly in order to facilitate copyright infringement.

1

**BACKGROUND**

Plaintiff alleges that he is the owner of a photograph (the "Photograph") of Roxanne Nagel, the wife of sperm donor Ari Nagel ("Nagel").  Compl. ¶ 7.  In the July 18, 2016 issue of *Globe* magazine, AMI published an article about Nagel that included the Photograph.  *Id*. ¶ 11 & Ex. D.  Plaintiff claims that AMI published the Photograph without his consent, and that AMI removed Plaintiff's credit from the Photograph when it was published.  *Id*. ¶¶ 12-13.  Although Plaintiff alleges he "registered" the Photograph with the Copyright Office, he admits that no registration has been issued and registration is merely "pending."[1]  *Id.* ¶ 10.

Plaintiff filed his Complaint on July 12, 2016.  In the Complaint Plaintiff alleges that AMI violated sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 & 501, by publishing the Photograph in *Globe* magazine.  Compl. ¶ 16.  Plaintiff also claims that AMI, "[u]pon information and belief," "intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph" in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b).  *Id.* ¶¶ 24-25.

**ARGUMENT**

In the federal courts, in order to survive a motion to dismiss, a plaintiff is required to plead facts sufficient to establish that his claim is "'plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is plaintiff's burden to show "more than a sheer possibility that [defendant ha] acted unlawfully."  *Iqbal*, 556 U.S. at 678.  To satisfy this pleading requirement, a complaint must plead *facts* that would satisfy the elements of a claim.  *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  "While a complaint attacked

---

[1] Despite Plaintiff's claim to the contrary, Exhibit C to his Complaint contains no copyright registration number and clearly states that it is an "Application."

2

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On such a motion, a court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiff[] either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000). Importantly, the Supreme Court has specifically instructed the plausibility requirement *includes* pleading of "malice, intent, knowledge, or other conditions of a person's mind." *Iqbal*, 556 U.S. at 686-87 ("Rule 9 merely excuses a party from pleading [malice] under an elevated pleading standard. It does not give him license to evade the less rigid – though still operative – strictures of Rule 8").

Here, Plaintiff's copyright claim should be dismissed because he has failed to plead that he holds a valid copyright registration for the Photograph. Plaintiff's DMCA claim should be dismissed because his threadbare recitals regarding AMI's alleged knowledge and intent cannot withstand scrutiny under federal pleading standards.

**I.   THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT.**

In order to bring a copyright claim in the federal courts, a plaintiff must have registered his work with the Copyright Office. 17 U.S.C. § 411(a). *See also BWP Media USA, Inc. v. Gossip Cop Media, LLC,* 87 F.Supp.3d 499, 503 (S.D.N.Y.2015) ("Although registration is not required to obtain copyright protection, ... it is a prerequisite to bring an infringement action in federal court."). In this Circuit, courts have "required that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration *prior* to filing a

civil claim . . . . A pending application does not suffice." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.,* 2012 WL 1021535, at *5 (S.D.N.Y. 2012) (emphasis in original). *Accord Int'l Diamond Importers, Inc. v. Oriental Gemco* 64 F.Supp.3d 494, 517 (S.D.N.Y. 2014) (same); *Accurate Grading Quality Assur., Inc. v. Thorpe,* 2013 WL 1234836, at *7 (S.D.N.Y. 2013) (same); *Small Business Bodyguard, Inc. v. House of Moxie, Inc.*, 2014 WL 5585339, at *4 (S.D.N.Y. 2014) (same); *Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610, 616 (S.D.N.Y. 2013) (same).

Plaintiff alleges only that he has *applied* for copyright registration, not that he holds a valid copyright registration. *See* Compl. ¶ 10 & Ex. C.  Therefore, because Plaintiff does not allege that he has satisfied the pre-condition for filing a copyright claim, his claim for copyright infringement is barred and should be dismissed. *Muench Photography,* 2012 WL 1021535, at *5 ("It remains the law in this Circuit that § 411(a) imposes a bar to copyright infringement claims where a plaintiff has not either received or been denied a copyright registration at the time such a claim is interposed.").

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE DMCA RELATING TO COPYRIGHT MANAGEMENT INFORMATION

Plaintiff has also failed to adequately plead his claim for violation of the prohibition against removing or altering Copyright Management Information ("CMI") under the DMCA, 17 U.S.C. § 1202(b).  To succeed on this claim, a plaintiff must plead and prove that a defendant removed or distributed false CMI in connection with the work at-issue "knowing . . . that it will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b).  The provision requires a plaintiff to show that defendant knowingly removed or altered CMI with the specific intent to facilitate infringement. *Id*. *See also, e.g., Brown v. Stroud*, 2011 WL 2600661, at *3 (N.D. Cal. June 30, 2011) (dismissing for, *inter alia,* failure to properly plead and observing that

the "DMCA provides protection for a person's knowing *and* intentional misuse of CMI to induce, enable, facilitate, or conceal infringement") (citing 17 U.S.C. § 1202(a), (b) (emphasis added)).

      Here, despite the clear dictates of *Iqbal-Twombly* and their progeny, Plaintiff pleads only "upon information and belief," that AMI "intentionally and knowingly removed copyright management information," Compl. ¶ 24, "with the intent to induce, enable, facilitate or conceal their [sic] infringement of Plaintiff's copyrights in the Photograph." *Id.* ¶ 27.  This threadbare recital of AMI's alleged knowledge and intent simply gives a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  It is insufficient – without more factual detail – to satisfy federal pleading requirements.  *Iqbal,* 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly,* 550 U.S. at 557).  *See also Solana v. NYC Dept. of Corrections,* 2012 WL 5466425, *7 (E.D.N.Y. 2012) (plaintiff's bare allegation that defendants "knowing, intentionally and purposely" caused his injuries, was insufficient to satisfy *Iqbal*); *Mitchell-White v. Northwest Airlines, Inc.,* 2011 WL 671630, *4 (S.D.N.Y. 2011) (plaintiff's allegations that defendants "acted intentionally, willfully, and with malice," unsupported by specific factual assertions, "falls short of the pleading standards set forth in *Iqbal*"), *aff'd* 446 Fed. Appx. 316 (2d Cir. 2011).  For this reason, therefore, Plaintiff's DMCA claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against AMI should be dismissed in their entirety.

Dated: July 28, 2016            Respectfully submitted,
       New York, NY

                                  ____/s/ Cameron Stracher____
                                  Cameron Stracher
                                  General Counsel – Media
                                  AMERICAN MEDIA, INC.
                                  4 New York Plaza, 2d Floor
                                  New York, NY  10004
                                  (212) 743-6513
                                  (646) 810-3089 (fax)

<u>***CERTIFICATE OF SERVICE***</u>

I hereby certify that on this  28th  day of   July  , 2016, a true and correct copy of the foregoing **MEMORANDUM OF LAW** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the counsel of record:

>Richard P. Liebowitz
>Liebowitz Law Firm PLLC
>11 Sunrise Plaza, Suite 301
>Valley Stream, NY  11580
>
>*Counsel for Plaintiff*

                                           /s/  Cameron Stracher