UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANGEL CHEVRESTT

                *Plaintiff*,        : Index NO. 16-cv-05557 (LLS)

                                       : ECF Case

vs.

                                       : **MEMORANDUM OF LAW IN**
                                       : **OPPOSITION TO**
                                       : **DEFENDANT'S**
AMERICAN MEDIA, INC.           : **MOTION TO DISMISS**

                *Defendant.*       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## INTRODUCTION

      Plaintiff Angel Chevrestt ("Chevrestt") respectfully submits this opposition to the Defendant American Media, Inc. ("AM") motion to dismiss the Complaint pursuant to FRCP 12(b)(6). The motion to dismiss is based on a mischaracterization of a circuit consensus on what constitutes "registration" as condition precedent to filing a copyright infringement suit. Moreover, the motion erroneous reads a heightened pleading standard pursuant to Federal Rules of Civil Procedure Rule 8(a) and puts into dispute matters that go to the merits of claims, and not to whether a plausible valid claim has been pled.

      Finally, the Defendant errs in challenging the properly pled DMCA §1202(b) claim. The Defendant neglects to note that attaching an actual example of infringing activity is sufficient to adequately plead the requisite scienter.

      The Defendant's substantive arguments are meritless and procedurally premature. The Complaint, as Chevrestt shows below, is legally sufficient and plausible on its face. Therefore, the motion to dismiss should be denied.

1

**BACKGROUND**

Chevrestt is a professional photographer whose livelihood depends on licensing his photographs to online, print and television outlets for a fee. Chevrestt's award-winning work has appeared in various publications nationwide. On or around June 19, 2016, Chevrestt photographed Roxanne Nagel, the spouse of a serial sperm donor Ari Nagel whose claim to fame was siring at least twenty-two children. Complaint ¶7. Chevrestt then licensed the photograph to The New York Post. On June 19, 2016, The New York Post published an article on its web edition featuring the photograph. Complaint ¶8. Chevrestt's name was featured in the gutter credit of the photograph, identifying him as the photographer. Complaint ¶ & Exhibit B. The story garnered widespread media attention locally and nationally. Chevrestt timely and properly registered his work with the Copyright Office and was given a pending Copyright Registration Number. Complaint ¶9 & Exhibit C.

The unfortunate circumstances of the infringement occurred in AM's July 11-18, 2016 issue of the Globe magazine. AM ran an article entitled *The Sperminator!* that prominently featured the photograph. Mem. In Supp. Mot. to Dis. Pg 2. AM did not license the photograph, nor did it have Chevrestt's permission nor consent to publish it. Furthermore, AM knowingly and intentionally removed the copyright management information identifying Chevrestt as the photographer. Defendant does not dispute these facts in its Motion to Dismiss.

Chevrestt filed the present action promptly after seeing the infringement on the pages of the Globe. The work was registered earlier that day to satisfy the condition precedent to filing this lawsuit.

**ARGUMENT**

**I. LEGAL STANDARD FOR MOTION TO DISMISS.**

2

The Courts strongly disfavor and rarely grant motions to dismiss pursuant to FRCP Rule 12(b)(6). 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure 1357, at 598. In determining whether the Complaint adequately pled a cause of action, the Court must presume the all allegations contained therein are true and draws all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.,* 514 F.3d 184, 188 (2d Cir. 2008). In fact, the Court must construe the motion to dismiss in a light most favorable to the non-moving party. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 732 (2d Cir. 2013). Furthermore, the Court may refer to judicial experience and common sense when deciding whether a set of alleged facts constitute a plausible claim *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). "The court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir.2010) (internal quotation and citation omitted).

In order to survive a motion to dismiss pursuant to FRCP Rule 12 (b)(6), the plaintiff must have plead a set of factual allegations that, if true, plausibly state a valid claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even after the tightening of the pleading standard in *Twombly* and *Iqbal*, the Supreme Court recognizes that the question is not whether the claim will eventually prevail, "but whether his complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1280, 1296 (2011), citing *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002). The Court further clarifies that "a complaint need not pin plaintiff's claim for relief to a precise legal theory," but rather requires only a plausible "short and plain" statement of the plaintiff's claim.

3

*Id*. To be certain, FRCP 8(a) (2) does not require an exposition of the legal argument. Nor does *Iqbal* and *Twombly* usher in a heightened pleading standard, requiring specific factual allegations.

The Second Circuit, in particular, has made it clear that *Iqbal* and *Twombly* do not stand for the proposition that the Plaintiff may no longer plead "upon information and belief". This is especially true "[1]where the facts are peculiarly within the possession and control of the defendant, or [2] where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 2010 WL 1729107, *8 (2d Cir. 2010). In other words, the pleading may properly rely on facts to which only the defendant has access and on beliefs based on those facts. In *David Young-Wolff v. McGraw Hill Companies*, 2014 WL 349711 (Jan. 14, 2014), the Court specified that "[t]his standard 'does not impose a *probability* requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at *2 (citing *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.,* 709 F.3d 129, 135 (2d Cir.2013) (quoting *Twombly,* 550 U.S. at 556)) (internal citations omitted).

## II. CHEVRESTT'S COMPLAINT IS LEGALLY SUFFICIENT.

### A. Complaint Plausibly States a Claim Arising Out of Copyright Infringement.

In order to properly plead a claim for copyright infringement, pursuant to 17 U.S.C. §§106 and 501, the Plaintiff "must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Young-Wolff*, at *2. These four elements, as enumerated by the above, have been properly pled by Chevrestt.

In the Second Circuit, several District Courts have held that a pending registration is sufficient for the purposes of filing a copyright infringement claim. It is considered a jurisdictional prerequisite, not a substantive element of the claim. See *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.,* 210 F.Supp.2d 147, 157 (E.D.N.Y.2002), affirmed by the Second Circuit at 354 F.3d 112. ("Actual certification by the Copyright Office is not necessary. A copyright holder may commence an action for infringement as soon as the Copyright Office has received a proper application, fee and deposit."). "In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." *Haven v. Time Warner, Inc.*, 896 F. Supp. 141, 143 (S.D.N.Y. Aug. 17, 1995).

In *Oban US, LLC v. Nautilus, Inc.*, 2014 WL 2854539 (D. Conn. Jun. 23, 2014), the Court also acknowledged that the registration requirement is a formality that is satisfied by a pending application. The application approach, according the *Oban*, recognizes that while 17 U.S.C. § 411(a) makes registration a prerequisite to suit, 17 U.S.C. § 410(d) provides that the "effective date of a copyright registration is the day on which an application, deposit, and fee … have all been received by the Copyright Office." *Id.* at *6. The Court in *Oban* further reasoned that if a "court of competent jurisdiction can adjudicate the adequacy of the submission to the Copyright Office," then the submission of an application is sufficient to bring suit. *Id. See* 2 Nimmer on Copyright § 7.16[B][3] [b].

Even more convincingly, "[a]s the leading treatise on copyright explains, the registration approach thus creates a strange scheme: '[G]iven that the claimant ... will ultimately be allowed to proceed regardless of how the Copyright Office treats the application, it makes little sense to

5

create a period of 'legal limbo' in which suit is barred." *Oban*, at *6 quoting 2 Nimmer on Copyright § 7.16[B][1][a][i] (internal citations omitted). Instead, "[t]he application approach avoids this legal limbo—and avoids prolonging the period of infringement—by allowing a litigant to proceed with an infringement suit as soon as he has taken all of the necessary steps to register the copyright at issue." *Oban,* at *7.(internal punctuation omitted). Courts that adopt "the application approach best effectuate the interests of justice and promote judicial economy." *Id*. Even some courts following the registration approach, *Oban* admonishes, "have noted that it leads to an inefficient and peculiar result." *Id.* (internal quotation marks omitted).

The Second Circuit had ample opportunity to resolve the District Court split on the question of registration vs. application approaches and chose to punt both times. "[O]ur Court has not yet determined, however, whether a merely pending application for registration satisfies the Act's requirement that a work be registered before a related infringement suit is filed." *A Star Group, Inc. v. Manitoba Hydro*, 621 Fed. Appx. 681(2d Cir. July 27, 2015). Similarly, in *Psihoyos v. John Wiley & Sons, Inc*, the Second Circuit acknowledged that the Courts of Appeal were divided as to whether a pending application satisfied Section 411(a)'s requirement of copyright registration as a prerequisite for litigation. Nonetheless, the Court determined that "[w]e need not resolve the dispute or otherwise embroil ourselves in this circuit split…" 748 F.3d 120 (2d Cir. 2014).

Even the Supreme Court of the United States chose to abstain from ruling on this issue in *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 171 (2010) ("We ... decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that ... district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.").

A split within the circuit and without on the approach better tailored to the statutory language, Congressional intent and notions of judicial expediency and fairness should be resolved in the favor of the application approach. In this case, Chevrestt timely and properly filed an application, paid a fee, deposited the work and was issued a temporary registration number. Complaint ¶10 & Exhibit C. There is sufficient consensus in the Second Circuit that Chevrestt satisfied the condition precedent before filing the present suit. Therefore the motion to dismiss should be denied.

**B. Defendant's Argument that the Complaint Fails to State a Claim for Copyright Infringement of the Photograph Does Not Provide a Sufficient Basis to Dismiss Plaintiff's Complaint.**

The Defendant mostly cites cases that opted for the registration approach, but have decided the issue after the various plaintiffs had the opportunity to amend their respective complaints, or were order to do so by the Court and failed. See *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp.3d 499 (S.D.N.Y. Jan. 26, 2015) (motion to dismiss filed after the Amended Complaint); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) (motion to dismiss in response to Amended Complaint); *Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836(S.D.N.Y. Mar. 26, 2013) (motion to dismiss filed after the Amended Complaint). The drastic remedy sought in a motion to dismiss is more appropriate after the Plaintiff has had an opportunity to amend his Complaint. The Defendant's motion to dismiss is premature and should be denied. In the alternative, the Plaintiff should be allowed leave to amend the Complaint.

**III. THE COMPLAINT SUFFICIENTLY PLEADS A DMCA CLAIM RELATING TO COPYRIGHT MANAGEMENT INFORMATION.**

   **A. Complaint Sets Forth a Plausible Set of Facts.**

In order to properly plead a 17 U.S.C. §1202(b) claim[1], the Plaintiff must allege that 1) the Defendant intentionally removed or altered the existing CMI, 2) without the authority of the copyright owner or the law, and 3) that the Defendant knew or should have known that that it will induce, enable, facilitate, or conceal an infringement. *Agence France Presse v. Morel*, 769 F.Supp.2d 295, 305 (S.D.N.Y. Jan. 14 2011). To be sure, a properly pled complaint must include a scienter. However, the Plaintiff's pleadings do not have to be detailed and factually specific as to the scienter requirement beyond a "plain and short statement". "Courts have applied this statute in a straightforward manner such that Plaintiffs here need only allege (1) the existence of CMI…; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp. v Costco Wholesale Corporation*, 723 F.Supp.2d 596, 609 (S.D.N.Y. July 2010).

The Complaint adequately sets forth factual allegations that the Defendant, without knowledge or consent of Chevrestt (Complaint 26) cropped and altered the CMI on the photograph (Complaint 24) and that it was done intentionally and knowingly. (Complaint 27). Beyond a "plain and short statement", in *BanxCorp* the Court held that if an actual example of the infringement is proffered as it is in Complaint Exhibit D, then the requisite scienter has been sufficiently pled. *BanxCorp* at 610. Even *Morel* cites *BanxCorp,* 723 F.Supp.2d at 610 ("[p]roviding an actual example of the allegedly infringing ad is obviously more than a conclusory allegation") to stand for the proposition that attaching exhibits of infringement is sufficient to survive a motion to dismiss. The Defendant has called Chevrestt's factual allegation "threadbare", but the Second Circuit recognizes it as a well-pled requisite scienter.

---

[1] Crucially, registration with the Copyright Office is not a prerequisite on a DMCA claim.

8

Here, the Complaint adequately pleads the scienter by attaching an actual example of the infringing activity.

 **B. The Defendant's Argument that Intent and Knowledge Have Not Been Established Are Premature.**

 Even if the Court determines that the scienter requirement has not been fully fleshed out, the Courts in *Morel* and *BanxCorp* have ruled that these issues are best addressed at later stages of the litigation. The Courts have held that "at summary judgment, Defendants will have an opportunity to present evidence that ... the CMI…was sufficiently removed to demonstrate that Defendants lacked the intent required to show a violation of the DMCA.") *BanxCorp* at 601. *BanxCorp* further established that in the Second Circuit the Court has resolved that scienter issues are more appropriately determined by a trier of fact.

 In *Morel*, the Court similarly relies on *In re DDAVP Direct Purchaser Antitrust Litig.*,585 F.3d 677, 693 (2d Cir.2009) (courts must be "lenient in allowing scienter issues ... to survive motions to dismiss") in reviewing whether a scienter requirement is properly pled. In fact, *In re DDAVP* the District Court's grant of a motion to dismiss was reversed because "scienter issues ... are appropriate for resolution by the trier of fact"….," despite applying the heightened pleading standard of FRCP Rule 9(b) (internal quotation marks omitted).   Even in cases involving a heightened pleading standard, which this is not, the Second Circuit has resolved that scienter issue are premature for a motion to dismiss.   The Defendant here insists that the scienter requirement has not been sufficiently pled.  The Plaintiff has already shown that attaching the exhibit of the actual infringement in conjunction with a plain and short statement as to "knowing and intent" is sufficient, but even if the Court finds it lacking –the Second Circuit has relegated issues pertaining to the scienter requirement to the trier of fact, more appropriate at

summary judgment and deserving of a liberal inference in the Plaintiff's favor.  The Defendant's motion to dismiss as to the insufficiency of the requisite scienter under the DMCA claim must be denied as both premature and meritless.

### C. Defendant's Argument that the Complaint Makes Threadbare Assertions Regarding AM's Intent and Knowledge Are Meritless.

#### 1. Defendant's Argument Regarding the Sufficiency of Chevrestt's Complaint Has Been Rejected in the Second Circuit.

The Defendant cites several cases intended to support its position that Chevrestt's pleading of the scienter requirement is not plausible on its face.  Unfortunately, none of the cases cited says what the Defendant would like it to say.  Among these cases is *Brown v. Stroud*, 2011 WL 2600661 ant *3 (N.D. Cal. June 30, 2011) where a court granted a motion to dismiss a DMCA claim pursuant to §1202 (a)(b).  In that Ninth Circuit case, the Court only recited the statutory requirements of §1202(a)(b) and dismissed, as even the Defendant admits, on other grounds.

The Defendant's case is neither persuasive nor does it have precedential value. As discussed above, the Second Circuit has held that attaching an example of the alleged infringement satisfies the plausible pleading standard.  In *BanxCorp*, the Court found that having the actual exhibit before them goes well beyond formulaic allegations. Moreover, all the cases the Defendant cites on this point, beyond having no precedential value, address scienter requirements at a more advanced stage of litigation, namely at summary judgment.  Here, the Defendant is attempting to turn a motion to dismiss into a motion for summary judgment.

The Defendant then goes on to cite cases in the Second Circuit where seemingly the requisite scienter demands more than "unsupported" or "bare" factual allegations.  In one case, *Solana v NYC Dept of Corrections*, a pro se Plaintiff sued various officials that could not be held

vicariously liable in what should have been a *Bivens* claim against their subordinates. The analogizing of *Solana*'s confused pleadings to the Chevrestt's Complaint in this case is as flattering as it is unavailing. As further evidence, the Defendant cites to *Mitchell-White v Nw. Airlines*, 2011 WL 671630 (S.D.N.Y. 2011) (where the Court dismissed a case of age discrimination due to the complete omission of a very specific statutory requirement to plead "actual age discrimination". If anything, the result in *Mitchell-White* would be different had the plaintiff merely recited an allegation, as bare and formulaic as it seems, that the discrimination was actually motivated by age. *Mitchell-White* is a peculiar case to lean on for the proposition that the complaint requires more than mere factual assertions. To the contrary, the District Court finds, and the Court of Appeals affirms complementing the Court below for "its thorough and thoughtful reasoning", that had the Plaintiff merely pled that the behavior was "actually motivated by age", the Complaint would have survived. Unlike *Mitchell-White*, Chevrestt has properly pled all the statutory requirements, none of which requires specific statutory language. Having properly pled the requisite scienter pursuant to Section 1202(b), the DMCA claim is legally sufficient and the motion to dismiss should be denied.

**2. The Defendant's Arguments that the Complaint is Insufficient Are Groundless.**

The Defendant claims that the Complaint does not sufficiently allege intent and knowledge to "induce, enable, facilitate or conceal an infringement." In fact, the Defendant removed Chevrestt's gutter credit, a CMI that would immediately notify the reader as to the rightful copyright owner. The Defendant was aware of the fact that CMI was removed and altered, as well as being aware that this would induce, enable and facilitate infringement.

Furthermore, this argument, again, deals with issues that should be determined by the trier of fact and are premature at this stage in the litigation. To be certain, the Plaintiff has plead

a plausible set of factual allegations that the Defendant intentionally and knowingly removed and altered the CMI, without consent.  Therefore, the DMCA claim is legally sufficient and the motion to dismiss should be denied.

To the contrary of Defendant's assertions, the DMCA scienter requirement in §1202(b) is not one of actual knowing, but one of constructive knowing.  Critically, it requires that the removal or altering of CMI be done "knowing, or, … having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement."  This relaxed scienter requirement is in contrast with the actual knowledge required in §§1202(b)(2) and (3).   In these latter subsections, the DMCA requires actual knowledge, a stricter requisite scienter demanding a more specific pleading.  For our purposes, however, only constrictive knowledge applicable to §1202(b) is relevant. The Defendant should have known and actually knew that removing and altering CMI would induce, enable, facilitate and conceal infringement. The Defendant's requisite scienter has been sufficiently pled and the DMCA §1202 (b) claim is plausible on its face.  The Defendant's motion to dismiss the DMCA claim must be denied.

## CONCLUSION

The Complaint is legally sufficient as it sets out factual allegations that plausibly state a cause of action.  Therefore, the Defendant's motion to dismiss must be denied.

Respectfully Submitted,

Dated: May 29, 2016

    Valley Stream

_____

       Richard P. Liebowitz

       Liebowitz Law Firm PLLC

       11 Sunrise Plaza, Suite 301

       Valley Stream, NY  11580


       Counsel for Plaintiff