UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT | : |
|                 *Plaintiff*, | : Index No. 16-cv-05557 (LLS) |
| vs. | : ECF Case |
| AMERICAN MEDIA, INC. | : **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
|                 *Defendant*. | : |

Defendant American Media, Inc. ("AMI") respectfully submits this reply memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Angel Chevrestt's ("Chevrestt" or "Plaintiff") Complaint for failure to state a cause of action.

## Introduction

In his opposition to AMI's motion ("Opp."),[1] Plaintiff admits that he lacks a valid copyright registration for his work. Thus, under the clear language of section 411(a) of the Copyright Act, and the weight of precedent in this Circuit, Plaintiff has failed to state a claim for copyright infringement. In addition, Plaintiff does not dispute that he has failed to allege any facts sufficient to show that AMI removed his copyright management information ("CMI") "knowingly and intentionally" as required by the DMCA. This pleading failure is not remedied

---

[1] Plaintiff has filed two memoranda in opposition to AMI's motion, although they appear to be substantively identical except that the first memorandum is unsigned. *See* Dkt. Nos. 10 & 11. All references to "Opp." herein are to the second memorandum, Dkt. No. 11.

1

by simply attaching the allegedly infringing material to his Complaint, as he contends.  Thus, his DMCA claim should also be dismissed.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT.

Plaintiff contends that there is "sufficient consensus" within the Second Circuit that a pending registration is adequate for the purposes of filing a copyright infringement claim.  Opp. at 7.  The three cases he cites, however, are outweighed by dozens of contrary decisions in the Southern District alone.[2]  As the court in *Muench* stated:  "It remains the law in this Circuit that § 411(a) imposes a bar to copyright infringement claims where a plaintiff has not either received or

---

[2] *See, e.g.*, *Tan v. Doe*, 2014 WL 1779048, at *2 (S.D.N.Y. 2014)*; *John Wiley & Sons, Inc. v. DRK Photo*, 2014 WL 684829, at *15 (S.D.N.Y. 2014); *Young–Wolff v. McGraw–Hill Companies,* 2014 WL 349711, at *3 (S.D.N.Y. 2014); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC,* 69 F.Supp.3d 342, 353 n. 6, (S.D.N.Y. 2014); *Christians of California, Inc. v. Clive Christian New York, LLP*, 2014 WL 2465273, at *4 (S.D.N.Y. 2014); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143–44 (W.D.N.Y. 2014); *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.,* 64 F.Supp.3d 494, 517 (S.D.N.Y. 2014); *Palatkevich v. Choupak*, 2014 WL 1509236, at *9 (S.D.N.Y. 2014); *Accurate Grading Quality Assur., Inc. v. Thorpe,* 2013 WL 1234836, at *7 (S.D.N.Y. 2013); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.,* 2012 WL 1021535, at *5 (S.D.N.Y. 2012); *K–Beech, Inc. v. Does 1–29,* 2011 WL 4401933, at *1 (E.D.N.Y. 2010); *DBMJ Prods. v. TMZ TV*, 2009 WL 2474190, at *2 (S.D.N.Y. 2009); *Lewinson v. Henry Holt and Co., LLC*, 659 F. Supp. 2d 547, 560 (S.D.N.Y. 2009); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F.Supp.2d 403, 406 (S.D.N.Y.2009); *Tabachnik v. Dorsey*, 2005 WL 1668542, at *3 (S.D.N.Y. 2005), *aff'd,* 257 Fed. Appx. 409 (2d Cir. 2007) (unpublished); *Greene v. Columbia Records/Sony Music Entm't, Inc.,* 2004 WL 3211771, at *3 (S.D.N.Y. 2004); *Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520, 521–22 (S.D.N.Y. 2004); *Psihoyos v. John Wiley & Sons, Inc.,* 2011 WL 4916299, at *2 (S.D.N.Y. 2011); *Silver v. Lavandeira*, 2009 WL 513031, at *5 (S.D.N.Y. 2009); *U–Neek, Inc. v. Wal–Mart Stores, Inc.,* 147 F.Supp.2d 158, 169 (S.D.N.Y.2001); *City Merchandise, Inc. v. Kings Overseas Corp.,* 2001 WL 286724 (S.D.N.Y.2001); *Tuff–N–Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.,* 49 F.Supp.2d 673 (S.D.N.Y.1999); *Noble v. Town Sports Int'l, Inc.,* 1998 WL 43127 (S.D.N.Y.1998); *National Ass'n of Freelance Photographers v. Associated Press,* 1997 WL 759456 (S.D.N.Y.1997); *Robinson v. Princeton Review, Inc.,* 1996 WL 663880, at *7 (S.D.N.Y. 1996); *Demetriades v. Kaufmann,* 680 F.Supp. 658 (S.D.N.Y.1988).

been denied a copyright registration at the time such a claim is interposed."  2012 WL 1021535, at *5.

Not only are Plaintiff's cited cases outliers within the Second Circuit, they fail to withstand close scrutiny.  For example, *Well–Made Toy Manufacturing Corp. v. Goffa International Corp.,* involved an unregistered derivative of a registered original work, and the court noted that "[h]ad the suit been premised upon infringement of the plaintiff's copyright in its [derivative work], the suit would have been dismissed . . . because there was no registration for the [derivative work]."  210 F.Supp.2d 147, 172 (E.D.N.Y. 2002), *aff'd*, 354 F.3d 112 (2d Cir.2003).  Similarly, in *Havens v. Time Warner, Inc.,* the court held only that proof of possession of a registration certificate was unnecessary to bring suit, not that suit may be brought before registration is granted.  896 F.Supp. 141, 142-43 (S.D.N.Y.1995).  The case also has been criticized for "entirely conclusory" reasoning that fails to "provide any reason for ignoring the plain language of sections 410 and 411."  *Corbis Corp.*, 322 F.Supp.2d at 522, n. 1.  Lastly, in *Oban US, LLC v. Nautilus, Inc.,* the court merely stated that it was "inclined" to support the pending registration approach, but that it need not resolve the issue because it found that plaintiff had failed to state a plausible copyright claim.  2014 WL 2854539, at *7 (D. Conn. 2014).

Thus, because Plaintiff has failed to allege the existence of a valid copyright, his copyright claim should be dismissed.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE DMCA RELATING TO COPYRIGHT MANAGEMENT INFORMATION

Plaintiff acknowledges that his DMCA claim requires him to plead and prove that AMI knowingly removed or altered CMI with the specific intent to facilitate infringement.  Opp. at 8.  Plaintiff claims he satisfied these requirements by attaching an example of the alleged infringing material to his Complaint.  *Id.* (citing *BanxCorp. V. Costco Wholesale Corporation,* 723

3

F.Supp.2d 596 (S.D.N.Y. 2010)).  Plaintiff's reliance on *BanxCorp,* however, emphasizes his pleading failure.  In that case, the court found plaintiffs had adequately pleaded the statutory intent requirement where they alleged that after defendants were confronted with evidence of their allegedly infringing conduct, they continued to infringe plaintiffs' rights.  723 F.Supp. 2d at 609.  These allegations, the court held, were "sufficient to give rise to a plausible inference that Defendants were aware of the appropriate uses of Plaintiffs' CMI and chose to alter the information regardless." *Id.*

Here, Plaintiff has alleged merely that AMI removed his CMI from the Photograph, but he does not allege any facts sufficient to show that AMI's actions were intentional.  Indeed, aside from alleging that his CMI was removed, Plaintiff alleges no facts whatsoever in support of his DMCA claim.  His conclusory recital that AMI's actions were intentional and knowing – without more factual detail – fails to satisfy basic federal pleading requirements.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 557 (2007)).  Therefore, his DMCA claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against AMI should be dismissed in their entirety.

Dated: August 17, 2016         Respectfully submitted,
       New York, NY

                               ___*/s/ Cameron Stracher*___
                               Cameron Stracher
                               Daniel Novack
                               AMERICAN MEDIA, INC.
                               4 New York Plaza, 2d Floor
                               New York, NY  10004
                               (212) 743-6513
                               (646) 810-3089 (fax)

4

CERTIFICATE OF SERVICE

I hereby certify that on this  17th day of   August  , 2016, a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the counsel of record:

> Richard P. Liebowitz
> Liebowitz Law Firm PLLC
> 11 Sunrise Plaza, Suite 301
> Valley Stream, NY  11580
>
> *Counsel for Plaintiff*

           /s/  Cameron Stracher