USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
ANGEL CHEVRESTT,

           Plaintiff,

   - against -

AMERICAN MEDIA, INC.,

           Defendant.
- - - - - - - - - - - - - - - - - -X

16 Civ. 5557 (LLS)

OPINION & ORDER

    Chevrestt claims copyright infringement pursuant to the Copyright Act (17 U.S.C. § 106 and 501) and violation of integrity of copyright management information ("CMI") pursuant to the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)) ("DMCA").

    Defendant American Media, Inc. ("American") moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. American argues that since Chevrestt applied for, but did not receive, a registered copyright prior to commencing suit, it has failed to plead the valid copyright required for an infringement claim. Further, American argues Chevrestt failed to plead that it acted with the required mental state to constitute a CMI violation claim.

    The motion is denied in part and granted in part, with leave to replead.

## 1. Copyright Registration

17 U.S.C. § 411(a) states:

> . . . no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

Prior to filing this suit, Chevrestt applied for a copyright for the photograph it alleges American printed in its magazine. The Copyright Office had not yet accepted or rejected the application.

The issue is whether the pending application is sufficiently close compliance as not to bar Chevrestt's infringement claim.

While some courts hold that the statute requires the application be approved or denied before a plaintiff can maintain an infringement claim, e.g., Muench Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co., 09 Civ. 2669 (LAP), 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("A pending application does not suffice"), others disagree, e.g., Well-Made Toy Manufacturing Corp. v. Goffa International Corp., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002) ("Actual certification by the Copyright Office is not necessary. A copyright holder may

commence an action for infringement as soon as the Copyright Office has received a proper application, fee and deposit."), aff'd sub nom. Well-Made Toy Manufacturing Corp. v. Goffa International Corp., 354 F. 3d 112 (2d Cir. 2003). The latest Second Circuit pronouncement in the area, A Star Group, Inc. v. Manitoba Hydro, 621 F. App'x 681, 683 (2d Cir. 2015), stated "Our Court has not yet determined, however, whether a merely pending application for registration satisfies the Act's requirement that a work be registered before a related infringement suit is filed." See also Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014) (holding, without resolving the intra-circuit split, that under either view applications filed after court proceedings are too late).

Chevrestt alleges that he complied with all application requirements. If his application is approved, all agree he can proceed with his claim. If his application is rejected, 17 U.S.C. § 411(a) unequivocally allows him to proceed as well. It is hard to see what public, private, or statutory interest is served or harmed by requiring him to wait, and re-file his action after his application is approved or denied, when he has already done everything he can to obtain that result. As stated in 2 Nimmer on Copyright § 7.16[B][3][b][ii], at 7-170.2 to 7-171:

Given that the claimant who has submitted an application that has yet to be acted upon at that juncture has done all that she can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats her application, it makes little sense to create a period of "legal limbo" in which suit is barred.

Chevrestt's copyright infringement claim may proceed.

### 2.   DMCA Copyright Management Claim

American claims that Chevrestt failed to plead the mental state required under 17 U.S.C. § 1202(b), which provides: "No person shall, without the authority of the copyright owner or the law--(1) intentionally remove or alter any copyright management information. . . ."

The complaint alleges (¶¶ 24, 26-27):

24. Upon information and belief, in its article in the Magazine, American intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

. . .

26. Upon information and belief, American's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by American intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. American also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

It contains no factual allegations supporting those conclusions (speculations?), such as showing that American was confronted or otherwise made aware of its allegedly infringing action. Compl. ¶¶ 24, 26-27. See BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010)(DMCA claim maintained where plaintiff alleged "continued breach after Defendants were confronted with evidence of their allegedly infringing conduct"); Agence France Presse v. Morel, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011)(counterclaim plaintiff alleged counterclaim defendant and its affiliates "contacted him about his photos, copied them without his permission, and distributed them with altered CMI"). Since there are no factual allegations supporting an inference that American's CMI alteration or removal was done intentionally, American's motion to dismiss the DMCA claim is granted, with leave to replead within 45 days.

### Conclusion

The motion to dismiss (Dkt. No. 8) is denied as to the copyright infringement claim and granted, with leave to replead within 45 days, as to the violation of integrity of CMI claim.

So ordered.

Dated: New York, New York
August 31, 2016

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.