UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL CHEVRESTT,

                  Plaintiff,

- against -

AMERICAN MEDIA, INC.

                  Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant American Media, Inc. ("American" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Roxanne Nagel owned and registered by Chevrestt, a New York City based photojournalist. Accordingly, Chevrestt seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 74 Forest Road, Dumont, New Jersey 07678. Chevrestt has won numerous awards and fellowships, including the New York Foundation for the Arts' Gregory Millard Fellowship and the Bronx Council of the Arts Fellowship.

6.      Upon information and belief, American is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 4 New York Plaza, 4th Floor, New York, New York 10004. At all times material hereto, American has published and owned the magazine *Globe* (the "Magazine").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On or about June 19, 2016, Chevrestt photographed Roxanne Nagel, the wife of sperm donor Ari Nagel who sired twenty-two children (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Chevrestt then licensed the Photograph to The New York Post. On June 19, 2016, The New York Post ran an article that features the Photograph on its web edition entitled Sperm Donor Who Sired 22 kids Has A Wife- And She's Not Happy. See *http://nypost.com/2016/06/19/sperm-donor-that-sired-22-kids-has-a-wife-and-shes-not-happy/*. Chevrestt's name was featured in a gutter credit identifying him as the photographer of the

Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Chevrestt is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the Copyright Office and was given pending Copyright Registration Number 1-3806675161. See Exhibit C.

### B. Defendant's Infringing Activities

11. Upon information and belief, in their July 11-18, 2016 issue, American ran an article in the Magazine entitled *The Sperminator!* The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12. American did not license the Photograph from Plaintiff for its article, nor did American have Plaintiff's permission or consent to publish the Photograph in its Magazine.

13. Upon information and belief, American removed Chevrestt's gutter credit.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST AMERICAN)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. American infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph in the Magazine. American is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by American have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST AMERICAN**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs were published in an article in The New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24.     The Photograph published in the New York Post had a gutter credit that identified Chevrestt as the photographer.

25.     The gutter credit functions as copyright management information ("CMI") for the purposes of DMCA Section 1202(b). See *Murphy v. Millennium Radio Group, LLC* 650 F.3d 295 (3rd Cir. 2011).

26.     On June 22, 2016 Duane Pyous, senior photo editor of American called Chevrestt and left him a voicemail.  On June 30, 2016 Pyous left another voicemail.  There is a total of three voicemails that Pyous left for Chevrestt.

27.     On June 30, 2016 Chevrestt received a text message from Pyous, expressing an interest in using the Photograph from the New York Post article. Duane Pyous asked for permission and to pay a space rate.

28.     Chevrestt called back Pyous and asked whether the Photograph would be used online in addition to print and was expecting American to get back to him with that information before discussion a rate to use the Photograph.

29.     On July 8, 2016, Pyous of American sent Chevrestt an email, asking for an invoice for $150.00 for the use of the Photograph and a pdf of the Photograph.

30.     On July 8, 2016, Chevrestt e-mailed Pyous stating that he never granted American permission to use the Photograph and that Pyous was suppose to get back to Chevestt with information regarding online usage. In addition, Chevrestt stated in the e-mail that he never agreed to the $150.00 price and did not plan on agreeing to that price because it was an exclusive photograph.

31.     On July 8, 2016, Chevrestt e-mailed Pyous inquiring how American received the Photograph as Chevrestt never e-mailed him a pdf of the Photograph.

32. On July 11, 2016, having not secured permission, consent nor a license from Chevrestt, American nonetheless published the Photograph in the Magazine with no credit.

33. American could only have taken the image from New York Post and removed the CMI in the gutter credit.

34. American removed the CMI intentionally and knowingly, because they did not have a pdf of the image.

35. American was struggling to meet the publishing deadline and decided not to wait for proper permission, consent, nor a license to publish the exclusive Photograph on a hot topic.

36. American intentionally and knowingly removed the CMI in order to use the image without proper attribution.

37. American did not want to wait to get proper permission, consent nor a license to publish the Photograph, instead opting for taking the image from New York Post directly and removing the CMI.

38. American knew or should have known that the removal of the CMI will induce, enable, facilitate, or conceal an infringement.

39. American knew or should have known that it had to remove CMI in order to enable, facilitate and conceal infringement of the Photograph. American did not have a proper pdf of the image because it did not have permission, consent nor a license to use the image.

40. As a result of the wrongful conduct of American as alleged herein, Plaintiff is entitled to recover from American the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by American because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

41.     Alternatively, Plaintiff may elect to recover from American statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant American be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant American be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       October 17, 2016

                           LIEBOWITZ LAW FIRM, PLLC

                           By: /s/Richard Liebowitz
                               Richard P. Liebowitz
                           11 Sunrise Plaza, Suite 305
                           Valley Stream, NY 11580
                           Tel: (516) 233-1660
                           RL@LiebowitzLawFirm.com

                       *Attorneys for Plaintiff Angel Chevrestt*